```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARQUISE STRATTON            :    CIVIL ACTION
                             :
     v.                      :
                             :
OFFICER NIEVES, et al.       :    NO. 11-7410
```

MEMORANDUM

McLaughlin, J.                                                       April 4, 2012

        The plaintiff, an inmate at SCI-Dallas, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants, Philadelphia police officers, used excessive force against him in violation of his constitutional rights. The defendants have moved to dismiss for failure to state a claim, based on the two-year statute of limitations for claims under 42 U.S.C. § 1983. The Court will grant the motions.

I.    Factual Background[1]

        On December 4, 2007, approximately six to eight uniformed Philadelphia police officers, two of whom are named in this action, violently beat Mr. Stratton almost to death. The officers punched, kicked, and stomped on Mr. Stratton, resulting in serious injuries. Mr. Stratton was taken to the Frankford-

---

[1] The Court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences in favor of the non-moving party, while disregarding any legal conclusions. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Torresdale Hospital intensive care unit and placed on life support for about a week. He was discharged with a final diagnosis of multiple facial contusions and fractures, concussion with loss of consciousness, lacerations and fracture to the left supraorbital bone, and dental trauma.

The defendants claimed that Mr. Stratton attacked them and resisted arrest. However, on December 2, 2009, a jury found Mr. Stratton not guilty of aggravated assault against the defendants and of resisting arrest. Mr. Stratton filed his § 1983 complaint, dated November 10, 2011, on December 8, 2011 against defendants Nieves and Waters, as well as six other unknown police officers.

II.  Analysis

Generally, a statute of limitations defense must be raised in an answer, not under a Rule 12(b) motion. However, under the law of the Third Circuit, defendants may raise a limitations defense under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). The bar must be apparent on the face of the complaint to warrant dismissal on limitations grounds. Id.

Federal civil rights statutes do not contain a specific

statute of limitations for § 1983 actions.  The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose.  Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).  The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.  Id.; 42 Pa. Cons. Stat. § 5524(2).  In Pennsylvania, imprisonment does not extend the time within which an action must be commenced.  42 Pa. Cons. Stat. § 5533(a).

Federal law governs a cause of action's accrual date.  Accrual is the occurrence of damages caused by a wrongful act - that is, when a plaintiff has a complete and present cause of action and can file suit to obtain relief.  Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010).  Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based.  Kach, 589 F.3d at 634.  This determination is an objective inquiry as to what a reasonable person should have known.  Id.

According to the complaint, Mr. Stratton was violently beaten and seriously injured on December 4, 2007.[2]  There is and can be no allegation in this case that Mr. Stratton was unaware of his injury at the time the incident occurred.  Mr. Stratton's

---

[2] It is unclear from the complaint when Mr. Stratton was arrested.

3

cause of action therefore accrued on or about December 4, 2007.

Mr. Stratton's complaint was not docketed until December 8, 2011, although he signed the complaint on November 10, 2011.  This Court follows the approach of other courts in applying the mailbox rule and considers Mr. Stratton's complaint filed as November 10, 2011, the date he signed the complaint.[3] See, e.g., Pendergrass v. Gray, No. 06-2247, 2006 WL 3165007, at *4 (E.D. Pa. Oct. 30, 2006) (finding pro se prisoner's § 1983 complaint timely filed under the prisoner mailbox rule). However, the mailbox rule does not help Mr. Stratton here because he did not sign his complaint within two years of when his claim accrued.

The Court does not see any basis for tolling or equitable estoppel in this case.  Mr. Stratton argues that he could not file a civil action until after his criminal case for aggravated assault and resisting arrest was resolved on December 2, 2009.  However, Mr. Stratton's criminal proceeding did not defer the accrual of his excessive force claim or otherwise delay the running of the statute of limitations.  The Supreme Court has held that "the [Heck v. Humphrey] rule for deferred accrual is called into play only when there exists a conviction or sentence

---

[3] The Court presumes, for the purposes of this memorandum, that Mr. Stratton delivered his complaint to prison officials on the same day that he signed the complaint. See Taylor v. Naylor, No. 04-1826, 2006 U.S. Dist. LEXIS 27322, at *7-8 (W.D. Pa. Apr. 6, 2006).

that has not been invalidated, that is to say, an outstanding criminal judgment." Wallace v. Kato, 549 U.S. 384, 393 (2007) (internal quotation marks omitted). In other words, the Heck deferral rule is applicable only when, at the time when the § 1983 suit would normally accrue, there is an existing criminal conviction that success in the tort action would impugn. Dique v. New Jersey State Police, 603 F.3d 181, 187 (3d Cir. 2010). Such does not appear to have been the case here. The two-year statute of limitations therefore began to run on or about December 4, 2007, when the claim accrued.

      An appropriate order follows.